Elliot J. Hales (SBN 293535)
Tamara L. Kapaloski (SBN 13741)
DORSEY & WHITNEY LLP
111 S. Main St., Suite 2100
Salt Lake City, UT 84111
Telephone: 801.933.7360
Facsimile: 801.933.7373
hales.elliot@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Defendant Donna Bella Opco, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DREAM CATCHERS INTERNATIONAL, INC., a Georgia Corporation; CHRISTOPHER VOLEK, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DONNA BELLA OPCO, LLC, a Utah limited liability company; and DOES 1 through 30, inclusive, <br><br> Defendants. | **ANSWER TO COMPLAINT AND JURY DEMAND** <br><br> Case No. 2:23-cv-00088-HCN <br><br> Judge Howard C. Nielson, Jr. <br> Magistrate Judge Cecilia M. Romero |

Defendant Donna Bella OPCO, LLC ("Donna Bella") hereby answers Plaintiffs Dream Catchers International, Inc. and Christopher Volek's (collectively, "Plaintiffs") Complaint. Donna Bella denies each allegation except those expressly admitted below.

### **VENUE AND JURISDICTION**

1. Donna Bella admits this Court has subject matter jurisdiction over Plaintiffs' trademark and false advertising claims.

2. Plaintiffs assert no state law claims, and on this basis Donna Bella denies the allegations of paragraph 2.

3. Admitted.

4. Admitted.

## THE PARTIES

5. Donna Bella lacks information sufficient to admit or deny the allegations of paragraph 5, and on that basis denies the same.

6. Donna Bella lacks information sufficient to admit or deny the allegations of paragraph 6, and on that basis denies the same.

7. Donna Bella lacks information sufficient to admit or deny the allegations of paragraph 7, and on that basis denies the same.

8. Donna Bella lacks information sufficient to admit or deny whether the DREAM CATCHERS mark is famous; the remaining allegations are legal contentions for which no admission or denial is required, and on that basis denies the same.

9. Donna Bella denies that BIG IP OPCP, LLC has a principle place of business located at 631 North 400 West Salt Lake City, Utah 84103. Donna Bella admits the remaining allegations of paragraph 9.

10. Donna Bella denies it has a principle place of business located at 631 North 400 West Salt Lake City, Utah 84103. Donna Bella admits the remaining allegations of paragraph 10.

11. Denied.

12. Donna Bella admits that Plaintiffs so contend, but otherwise denies the allegations of paragraph 12.

13. Denied.

## **INDEX OF EXHIBITS**

14. Donna Bella admits that Plaintiffs attach exhibits 1-8, and that Plaintiffs contend they are correct copies of what they appear to be; Donna Bella lacks sufficient information or belief to admit or deny the authenticity of these exhibits, and on that basis denies this and all remaining contentions.

15. Donna Bella lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 15, and on that basis denies the same.

16. Donna Bella lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 16, and on that basis denies the same.

17. Donna Bella lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 17, and on that basis denies the same.

18. Donna Bella lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 18, and on that basis denies the same.

19. Paragraph 19 contains legal contentions (e.g., that the Dream Catchers mark is incontestable and famous) for which no admission or denial is required, and on that basis denies such legal contentions.  Donna Bella lacks sufficient knowledge or belief to admit or deny the remaining allegations of paragraph 19, and on that basis denies the same.

20. Donna Bella lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 20, and on that basis denies the same.

21. Donna Bella lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 21, and on that basis denies the same.

22. Donna Bella lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 22, and on that basis denies the same.

## NATURE OF THE CASE

23. Donna Bella admits that the real human hair extensions market is highly specialized and that there is a wide array of quality of extensions in that market. Donna Bella denies that it offers inferior extensions that lack quality by including damaged, cheaper and/or lower quality hair. Donna Bella lacks information or belief as to the remaining allegations of paragraph 23, and on that basis denies the same.

24. Donna Bella lacks sufficient information or belief as to the allegations of paragraph 24, and on that basis denies the same.

25. Donna Bella lacks sufficient information or belief as to the allegations of paragraph 25, and on that basis denies the same.

26. Donna Bella lacks sufficient information or belief as to the allegations of paragraph 26, and on that basis denies the same.

27. Donna Bella lacks sufficient information or belief as to the allegations of paragraph 27, and on that basis denies the same.

28. Donna Bella lacks sufficient information or belief as to the allegations of paragraph 28, and on that basis denies the same.

29. Denied.

30. Donna Bella admits that it owns www.donnabellahair.com, but otherwise denies the allegations of this paragraph.

31. Denied.

32. Donna Bella denies that the DREAM CATCHERS mark or Mr. VOLEK's name appear(ed) at the URL www.donnabellahair.com; Donna Bella denies the remaining allegations of this paragraph.

33. Denied.

34. Donna Bella admits that Plaintiffs never provided explicit permission to use Plaintiff's property on its website; Donna Bella otherwise denies the allegations of this paragraph.

35. Denied.

36. Denied.

37. Denied.

38. Donna Bella admits that DCI does not control the quality of goods sold by Donna Bella; Donna Bella denies that DCI has lost value in its goodwill, and that it is entitled to goodwill damages; Donna Bella denies the remaining allegations of this paragraph.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## **FIRST CAUSE OF ACTION**

43. Donna Bella incorporates the prior paragraphs as though individually set forth.

44. Donna Bella lacks sufficient information or belief to admit or deny this allegation, and on that basis denies the same.

45. Donna Bella admits that Plaintiffs never provided explicit permission to use the DREAM CATCHERS mark or VOLEK's name on its website; Donna Bella otherwise denies the allegations of this paragraph.

46. Donna Bella admits that Plaintiffs never provided explicit permission to use the DREAM CATCHERS mark or VOLEK's name on its website; Donna Bella otherwise denies the allegations of this paragraph.

47. Donna Bella denies that it used DREAM CATCHERS at the URL www.donnabellahair.com; Donna Bella denies the remaining allegations of paragraph 47.

48. Donna Bella denies that it sells unspecified inferior products, or that use of the DREAM CATCHERS mark led to sale of Donna Bella products; the remaining allegations are legal contentions for which no response is required, and Donna Bella denies the same on that basis.

49. Donna Bella admits that, *inter alia*, DCI and Donna Bella both sell hair extension products, and that Donna Bella is a brand known for high-quality hair extension products. Donna Bella admits that it sells hair extension products at https://donnabellahair.com/pages/shop?from=mobilemenu; Donna Bella admits that DCI sells hair extension products under the DREAM CATCHERS mark. Donna Bella denies any remaining allegations.

50. Denied.

51. Donna Bella lacks sufficient information or belief to admit that that "DREAM CATCHERS" is registered with the USPTO for hair extensions and on that basis denies the same; Donna Bella admits that it sells its hair extension products at donnabellahair.com/pages/shop; Donna Bella denies that its products are inferior, and denies all remaining allegations.

52. Denied.

53. Donna Bella denies that Plaintiffs are entitled to any remedy; Donna Bella denies all remaining allegations.

54. Donna Bella denies that Plaintiffs are entitled to any remedy; Donna Bella denies all remaining allegations.

55. Donna Bella denies that Plaintiffs are entitled to any remedy; Donna Bella denies all remaining allegations.

56. Donna Bella denies that Plaintiffs are entitled to any remedy; Donna Bella denies all remaining allegations.

## SECOND CAUSE OF ACTION

57. Donna Bella incorporates the prior paragraphs as though individually set forth.

58. Denied.

59. Denied.

60. Donna Bella admits that the "shop now" button directs readers to donnabellahair.com/pages//shop. Donna Bella denies all remaining allegations.

61. Denied.

62. Donna Bella denies that the complained-of statements were improper, or that they are of the type for which injunctive relief is appropriate. Donna Bella denies all remaining allegations.

63. Denied.

64. Denied.

65. Donna Bella denies that Plaintiffs are entitled to this relief, and denies all remaining allegations.

## THIRD CAUSE OF ACTION

66. Donna Bella incorporates the prior paragraphs as though individually set forth.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## PRAYER FOR RELIEF

No response is required to Plaintiffs' Prayer for Relief. To the extent one is required, Defendant denies all allegations in this section.

## DONNA BELLA'S AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, Donna Bella alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

1. The Complaint fails to state facts sufficient to constitute a claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

2. Defendant has not infringed any applicable trademarks.

### THIRD AFFIRMATIVE DEFENSE
### (No Likelihood of Confusion)

3. The claims made in the Complaint are barred, in whole or in part, on the basis that there is no likelihood of confusion.

## FOURTH AFFIRMATIVE DEFENSE
### (No Causation)

4. Plaintiffs are not entitled to any recovery from Defendant because no act or omission of Defendant or its agents was the proximate cause of any injury or damage to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Intent)

5. Defendant at all times believed its conduct to be fair and lawful, and therefore, Defendant was without any specific intent to engage in the alleged infringement.

## SIXTH AFFIRMATIVE DEFENSE
### (Trademarks Are Not Famous)

6. The claims made in the Complaint are barred, in whole or in part, on the basis that Plaintiffs' Mark is not famous under the meaning of applicable law.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Dilution)

7. The claims made in the Complaint are barred, in whole or in part, on the basis that Plaintiffs' Mark is not entitled to dilution or tarnishment damages, because Plaintiffs' Mark has not been diluted or tarnished by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

8. Plaintiff's claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

9. Plaintiff's claims are barred by the statute of limitations.

## TENTH AFFIRMATIVE DEFENSE
### (Estoppel)

10. Any of Defendant's conduct that is alleged to be unlawful was taken as a result of conduct or lack thereof by Plaintiffs, and Plaintiffs are thus estopped to assert any claim for relief against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

11. Plaintiffs, by their actions and/or inactions regarding the subject matter of this lawsuit, waived any and all claims for relief against Defendant.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

12. Plaintiff's claims for relief are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Bad Faith)

13. The allegations in the Complaint, and in each purported claim therein, are and have always been frivolous, unreasonable, and groundless.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Trademark Misuse)

14. Plaintiff's claims for relief are barred by the doctrine of trademark misuse.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

15. Plaintiff's claims for relief are barred by the doctrine of acquiescence.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

16. Defendant has operated its blog in good faith, without the intent to mislead or deceive consumers.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

17. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

18. Plaintiff's claim for relief are barred, or should be reduced, due to Plaintiff's failure to mitigate its purported damages.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Adequacy of Remedy at Law)

19. The alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and is not entitled to seek equitable relief.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Lack of Irreparable Harm)

20. Plaintiffs' claim for injunctive relief are barred because Plaintiffs cannot show that it will suffer any irreparable harm from Defendant's actions as alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Attorney's Fees)

21. The Complaint, and each purported claim for relief alleged therein, fails to allege facts sufficient to allow recovery of attorneys' fees.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Authorization of Law)

22. Plaintiffs' claims are barred because any act or omission of Defendant was at all times legal and authorized by law.

## RESERVATION OF RIGHT TO AMEND ANSWER

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available and/or apparent during discovery in this action, and reserves the right to amend its Answer to assert any such defenses.

## JURY DEMAND

Defendant demands a trial by jury on all issues to triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Defendant has not infringed Plaintiffs' Mark;

2. That Defendant has not falsely advertised/promoted;

3. That there has been no actual confusion, nor is there a likelihood of confusion, in the marketplace over the source or origin of Defendant's products, or Defendants' association with Paris Hilton;

4. That Defendant has not engaged in any conduct that might qualify as unfair competition, or any other wrongful conduct, under any cause of action pleaded in the Complaint;

5. That Plaintiffs take nothing by reason of the Complaint and that judgment be rendered in favor of Defendant;

6. That Defendant, as prevailing party, be awarded its costs of suit and reasonable attorneys' fees incurred in defense of this action; and

7. That the Court grant other and further relief as it may deem just and proper.

DATED:  May 17, 2023.

                            DORSEY & WHITNEY LLP

                            By: */s/ Elliot J. Hales*
                            Elliot J. Hales
                            Tamara Kapaloski
                            *Attorneys for Defendant Donna Bella*